## Schroeder v. Coppin.

(Decided January 28, 1919.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law and Equity Division).

1. Appeal and Error—Exception—Review.—In an action for assault and battery, the ruling of the court in placing the burden of proof on the defendant will not be reviewed in the absence of an exception.

2. Assault and Battery—Self-defense—Evidence—Sufficiency.—In an action for assault and battery, evidence examined and held to make the question of self-defense one for the jury.

3. Trial—Instructions—Requests—Necessity.—Where, in an action for assault and battery, the instruction on self-defense is correct, as far as it goes, plaintiff cannot complain of the court's refusal to give an instruction qualifying the right of self-defense, if the defendant brought on the difficulty by first striking the plaintiff, in the absence of a request therefor.

B. F. GRAZIANI for appellant.

R. G. WILLIAMS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, John Schroeder, brought this suit against the defendant, Clifford Coppin, to recover damages for

assault and battery. The jury returned a verdict in favor of the defendant and plaintiff appeals.

Plaintiff and defendant occupy adjoining residences. According to the evidence for defendant, plaintiff, on the morning of the difficulty, had been walking up and down the line fence between the two residences with a hatchet in his hand, abusing the defendant and his family. Directly, he took a seat in a chair on his porch with a paper in his hand, and applied a vile epithet to defendant and also to a negro working for the defendant. At that time, defendant was upstairs. He then went to the line fence and demanded that plaintiff apologize. Plaintiff had theretofore threatened defendant's life. When defendant asked for the apology, plaintiff sprang to his feet and started into the house to get a club, with which he had threatened defendant. Defendant grabbed the plaintiff in order to prevent him from getting the club. A scuffle ensued and they fell to the ground. Thereupon plaintiff bit defendant in the leg and defendant told him that if he bit him again he would hit him. Plaintiff did bite him again and defendant struck plaintiff two or three times. According to the evidence of plaintiff, he had not applied any insulting words either to the defendant or his negro employee. He was seated on his porch, reading the paper, when the defendant suddenly appeared and demanded an apology. On his refusing to make the apology, defendant assaulted and beat him. He had not threatened the defendant before, and made no effort at the time to get a club or any other weapon.

It is insisted that the court erred in refusing the plaintiff the burden of proof. It is not necessary to discuss this question further than to say that no exception was saved to the ruling of the court, and the propriety of its action will not be reviewed.

Another insistence is that plaintiff was entitled to a peremptory instruction. While it may be true that defendant's account of the affair bears the impress of improbability, yet if his evidence be true, he acted in self-defense, and whether it was true or not was a question for the jury.

In its first instruction, the court told the jury in substance to find for plaintiff, unless they believed from the evidence that at the time the defendant assaulted plaintiff, the defendant believed, and had reasonable grounds

for believing, that plaintiff was about to inflict some injury upon him, and that it was necessary, or appeared to defendant in the exercise of reasonable judgment to be necessary, to strike plaintiff in order to defend himself, in which event they should find for the defendant. This instruction is complained of because of the omission of a clause qualifying the right of self-defense, if the defendant himself brought on the difficulty by first striking the plaintiff. In reply to this contention, it is sufficient to say that the given instruction is correct as far as it goes, and plaintiff, who made no request for an instruction submitting the issue in question, cannot complain that such an instruction was not given. Henry Clay Fire Insurance Co. v. Barclay, 160 Ky. 153, 169 S. W. 747; Cincinnati N. O. & T. P. Railway Co. v. Martin, 146 Ky. 260, 142 S. W. 410.

Other errors are relied on, but we do not deem them of sufficient importance to merit discussion or to authorize a reversal.

Judgment affirmed.